J-S32026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT MCNEAR | |
| Appellant | No. 2058 EDA 2016 |

Appeal from the PCRA Order Entered May 31, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0000987-2011

BEFORE: GANTMAN, P.J., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED AUGUST 30, 2017**

Appellant, Robert McNear, appeals from the May 31, 2016 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA court's opinion sets forth the pertinent facts and procedural history:

> On January 24, 2011, Appellant was arrested and charged with robbery, aggravated assault, simple assault, theft by unlawful taking, possession of a controlled substance, and possession of drug paraphernalia.
>
> During the jury deliberation period of Appellant's trial, the jury asked this Court clarifying questions. The first question asked, through its foreperson and in writing, sought clarification regarding '… the difference between serious bodily injury and

---

[*] Former Justice specially assigned to the Superior Court.

bodily injury.' After answering the question in a manner each counselor found satisfactory, this Court asked the jury to confer amongst each other to ensure the answer was satisfactory before continuing deliberations.

Following the aforementioned question, the jury issued a second question, in writing, through the foreperson, resulting in the following exchange documented in the record:

THE COURT: Mrs. Miller, I have a note. Let me make sure I understand the question. And I have reviewed this with counsel. The question is: what would happen if we were able to make a unanimous decision on one charge, but could not on the other? Is that your question?

THE FOREPERSON: Yes.

THE COURT: Well, you have been deliberating for a couple of hours now, and I am not really sure if that is long enough. So I am going to send you back out and continue deliberating, and at 4:30 I will probably send you home and you can come back tomorrow morning at about 8:30 and you will continue deliberating throughout the day until you reach a verdict or until I get further questions from you in that regard, but I don't think, you spent nearly enough time in [sic] deliberating.

But let me—I think the lawyers probably agree, but let me just go over a couple of things with you and maybe this will help you. It's obvious you are having some difficulty resolving one of the issues in this case. On one hand, that difficulty is, of course, an indication of your sincerity and objectivity with which you have approached your duties as jurors.

On the other hand, there might be some confusion in your minds on the instructions that I gave you and the application and the facts of this case. If you think that further instructions would clarify something, please let me know. Otherwise, I want to make sure that you understand the importance of a verdict, not just to the Commonwealth, but to the defendant in this case, and in light of the time and expenses involved should a retrial be required. And you need to understand that lots has been

put into this case and it is important to both sides, equally important to both sides.

You will realize, of course, that any verdict you return must be unanimous. You have a duty to consult with one another and to deliberate with a view toward reaching an agreement if it can be done without violence to your individual judgment. Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with fellow jurors. A juror should not hesitate to re-examine his or her own views to change his opinion or her opinion if he or she thinks it's erroneous, and no juror should surrender his or her honest convictions as to the weight and effect of the evidence because of the opinion of his fellow jurors or for the mere purpose of returning a verdict.

Keeping these instructions in mind, I am going to send you back to deliberate and give further consideration to the evidence and the charge of the court and see if you can arrive at a verdict. If I can be of any further assistance to you, provide any clarification of the instructions that I gave you, please let me know.

JUROR: I have a question.

THE COURT: You can't ask questions.

JUROR: Based on what you said. Sorry.

THE COURT: The only way I can receive questions is through the foreperson.

THE JUROR: Excuse me.

PCRA Court Opinion, 9/15/16, at 1-3 (record citations and footnotes omitted).

The jury found Appellant guilty of robbery[1] on April 27, 2011. On June 16, 2011, the trial court sentenced Appellant to life in prison without parole in accord with 42 Pa.C.S.A. § 9714(a)(2). The trial court denied Appellant's timely post-sentence motion on August 25, 2011. On July 31, 2012, the PCRA court entered an order reinstating Appellant's direct appeal rights. This Court affirmed the judgment of sentence on April 2, 2013. Appellant filed this timely PCRA petition on September 9, 2013.[2] Appointed counsel filed an amended petition on January 28, 2016. The PCRA court conducted a hearing on March 29, 2016. On May 31, 2016, the PCRA court entered an order denying relief. This timely appeal followed.

Appellant raises two issues for our review:

1. Was trial counsel ineffective when he failed to object to the trial court's supplemental jury instruction when it was unresponsive to the jury's question, it failed to inform the jury that it need not reach a consensus on both charges, and suggested that factors unrelated to the evidence and relevant law be considered?

2. Was trial counsel ineffective when he failed to object to the trial court's refusal to answer an individual juror's question regarding the supplemental instruction without providing the juror an opportunity to present the question through the foreperson?

Appellant's Brief at 4.

_____

[1]  18 Pa.C.S.A. § 3701.

[2]  Appellant filed the petition within one year of the finality of his judgment of sentence, in accord with 42 Pa.C.S.A. § 9545(b)(1).

- 4 -

We must determine whether the PCRA court's findings are supported by the record and free of legal error. **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009). To prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove by a preponderance of evidence that his underlying claim is of arguable merit; that counsel had no reasonable strategic basis for his or her action or inaction; and that counsel's error prejudiced the petitioner. **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012).

First, Appellant argues his counsel was ineffective for failing to object to the trial court's response to the jury's question about the consequences of failing to reach a unanimous verdict on all charges. Appellant argues the trial court acted prematurely in giving a charge pursuant to **Commonwealth v. Spencer**, 275 A.2d 299 (Pa. 1971). **Spencer** governs charges given to deadlocked juries. Appellant also argues, without citation to any binding authority, that the trial court erred in referencing the costs associated with a trial and potential retrial, inasmuch as that statement could have coerced the jury into reaching a verdict. In his second argument, Appellant claims the trial court improperly precluded a question from a juror.

After careful review, we conclude that the PCRA court's September 15, 2016 opinion accurately addresses Appellant's arguments. We therefore affirm the order based on the PCRA court's opinion. In particular, we observe that the trial court's supplemental instruction was in accord with

established precedent. A trial court does not err when it gives an instruction "to impress upon the jurors the magnitude of their undertaking." *Commonwealth v. Montgomery*, 687 A.2d 1131, 1136 (Pa. Super. 1996). We also observe that the trial court did not prevent a juror from asking a question. The court appropriately instructed the juror to submit a written question through the foreperson.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2017

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-09-CR-0000987-2011 |
| | : | |
| v. | : | |
| | : | |
| ROBERT MCNEAR | : | |
| | : | |

## OPINION

Defendant Robert McNear (hereinafter "Appellant") appeals this Court's May 31, 2016 Order denying relief under the Post Conviction Relief Act (hereinafter "PCRA"). We file this Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On January 24, 2011, Appellant was arrested and charged with Robbery[1], Aggravated Assault[2], Simple Assault[3], Theft by Unlawful Taking[4], Possession of a Controlled Substance[5], and Possession of Drug Paraphernalia[6].

During the jury deliberation period of Appellant's trial, the jury asked this Court clarifying questions. N.T., Trial 4/26/11, at 139-148. The first question asked, through its foreperson and in writing, sought clarification regarding "…the difference between serious bodily injury and bodily injury". N.T., Trial 4/26/11, p. 140. After answering the question in a manner each counselor found satisfactory, this Court asked the jury to confer amongst each other to ensure the answer was satisfactory before continuing deliberations. N.T., Trial 4/26/11, p. 143.

---

[1] 18 Pa.C.S. §3701(a)(1)(ii).
[2] 18 Pa.C.S. §2702(a)(4).
[3] 18 Pa.C.S. §2701(a)(3).
[4] 18 Pa.C.S. §3921(a).
[5] 35 Pa.C.S. §780-113(a)(16).
[6] 35 Pa.C.S. §780-113(a)(32).

1

Following the aforementioned question, the jury issued a second question, in writing, through the foreperson, resulting in the following exchange documented in the record:

THE COURT: Mrs. Miller, I have a note. Let me make sure I understand the question. And I have reviewed this with counsel. The question is: what would happen if we were able to make a unanimous decision on one charge, but could not on the other? Is that your question?

THE FOREPERSON: Yes.

THE COURT: Well, you have been deliberating for a couple of hours now, and I am not really sure if that is long enough. So I am going to send you back out and continue deliberating, and at 4:30 I will probably send you home and you can come back tomorrow morning about 8:30 and you will continue deliberating throughout the day until you reach a verdict or until I get further questions from you in that regard, but I don't think you spent nearly enough time in [sic] deliberating.

But let me – I think the lawyers probably agree, but let me just go over a couple of things with you and maybe this will help you. It's obvious you are having some difficulty resolving one of the issues in this case. On one hand, that difficulty, of course, is an indication of your sincerity and objectivity with which you have approached your duties as jurors.

On the other hand, there might be some confusion in your minds on the instructions that I gave you and the application and the facts of this case. If you think that further instructions would clarify something, please let me know. Otherwise, I want to make sure that you understand the importance of a verdict, not just to the Commonwealth, but to the defendant in this case, and in light of the time and expenses involved should a retrial be required. And you need to understand that lots has been put into this case and it is important to both sides, equally important to both sides.

You will realize, of course, that any verdict you return must be unanimous. You have a duty to consult with one another and to deliberate with a view toward reaching an agreement if it can be done without violence to your individual judgement. Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with fellow jurors. A juror should not hesitate to re-examine his or her own views to change his opinion or her opinion if he or she thinks it's erroneous, and no juror should surrender his honest or her honest convictions as to the weight and effect of the evidence because of the opinion of his fellow jurors or for the mere purpose of returning a verdict.

Keeping these instructions in mind, I am going to send you back to deliberate and give further consideration to the evidence and the charge of the Court and see if you can arrive at a verdict. If I can be of any further assistance to you, provide any clarification of the instructions that I gave you, please let me know.

***

JUROR: I have a question.

2

THE COURT: You can't ask questions.
JUROR: Based on what you said. Sorry.
THE COURT: The only way I can receive questions is through the foreperson.
JUROR: Excuse me.

\*\*\*

(Jury excused)

N.T., Trial, 4/26/11, at 144-148.

Appellant was found guilty on April 27, 2011 of the offense of robbery.[7] On June 16, 2011, this Court sentenced Appellant to serve a sentence of life imprisonment pursuant to 42 Pa. C.S. § 9714. Following the imposition of sentence, Appellant filed a timely post-sentence motion, which this Court denied after conducting a hearing on August 25, 2011. No direct appeal was filed.

Appellant filed his first PCRA Petition on January 26, 2012. On July 31, 2012, this Court granted Appellant's Petition, which reinstated his direct appeal rights *nunc pro tunc*. Following the reinstatement of those rights, Appellant filed a timely direct appeal to Superior Court challenging the discretionary aspects of sentencing. On April 2, 2013, Superior Court affirmed Appellant's judgment of sentence, declining to ultimately review the issue as Appellant did not raise a substantial question.

On September 9, 2013, Appellant filed a timely PCRA Petition, followed by an amended PCRA Petition filed by PCRA counsel on January 28, 2016. On March 29, 2016, this Court held a hearing regarding Appellant's PCRA Petition resulting in this Court ordering Petitioner and the Commonwealth to file memoranda of law concerning the PCRA issues at bar. Petitioner was given twenty days from the March 29, 2016 hearing. Petitioner filed a memorandum on April 25, 2016. In turn, the Commonwealth filed a timely Memorandum of Law on May 16, 2016. On May 31, 2016, this Court denied Appellant's Petition for Post-Conviction Relief.

---

[7] Prior to trial, the Commonwealth nolle prossed all charges with the exception of one count of Robbery.

3

On June 30, 2016, Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania appealing this Court's May 31, 2016 denial of Appellant's Petition for Post-Conviction Relief.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

On July 5, 2016, this Court issued an Order pursuant to Pa.R.A.P. §1925(b) requiring Appellant to file a concise statement of the errors complained of on appeal no later than twenty-one (21) days after entry of the Order. Appellant filed such a statement on July 22, 2016, which raised the following issues, *verbatim*:

1. The Court erred when it denied Defendant's claim for post-conviction collateral relief based on trial counsel's ineffectiveness when counsel failed to object when this Honorable Court issued a supplemental jury instruction that was unresponsive to the jury question's [sic], failed to inform the jury that it need not reach a consensus on both charge [sic], and suggested that factors unrelated to the evidence and relevant law be considered

2. The Court erred when it denied Defendant's claim for post-conviction collateral relief based on trial counsel's ineffectiveness when counsel failed to object when this Honorable Court refused to answer an individual juror's question related to the supplemental instruction without providing an immediate opportunity to present the question through the foreperson.

## ANALYSIS

The standard of review for the appeal of a denial of PCRA relief is whether the PCRA Court's findings are supported by the record and are free of legal error. Commonwealth v. Hawkins, 894 A.2d 716, 722 (Pa. 2006); see Commonwealth v. Steele, 961 A.2d 786 (Pa. 2008); see also Commonwealth v. Allen, 732 A.2d 582, 586 (Pa. 1999). Pursuant to the PCRA, in order to sustain a claim for ineffective assistance of counsel, Appellant has the burden to prove by a preponderance of the evidence that his conviction and judgment of sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of [his] particular case, so

4

undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 P.C.S. §9543(a)(2)(ii).

A criminal defendant has the right to effective assistance of counsel during both a trial and the plea process. Commonwealth v. Rathfon, 899 A.2d 365, 369 (Pa.Super. 2006) (citation omitted). In reviewing an ineffective assistance of counsel claim, a court presumes that counsel was effective. Commonwealth v. Fletcher, 986 A.2d 759, 772 (Pa. 2009). In order to overcome this presumption, a defendant has the burden of showing that (1) the underlying claim is of arguable merit; (2) counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) he was prejudiced by counsel's ineffectiveness. Commonwealth v. Walls, 993 A.2d 289, 296 (Pa.Super. 2010), quoting Commonwealth v. Wallace, 724 A.2d 916, 921 (Pa. 1999). Counsel cannot be deemed ineffective for failing to raise a meritless claim. Commonwealth v. Spotz, 896 A.2d 1191, 1122 (Pa. 2006) (citation omitted). Moreover, counsel's representation does not lack a reasonable basis if the chosen course of strategy or tactics "had some reasonable basis designed to effectuate his client's interests. Courts should not deem counsel's strategy or tactics unreasonable unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." Commonwealth v. Koehler, 36 A.3d 121, 132 (Pa. 2012). Furthermore, a Court will not find prejudice unless a defendant proves that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Walls, 993 A.2d at 296, quoting Strickland, 466 U.S. at 694. A claim of ineffectiveness may be denied where a defendant's evidence fails to meet any of these prongs. Commonwealth v. Rainey, 928 A.2d 215, 224 (Pa. 2007).

I.      **Supplemental Jury Instruction**

5

Appellant claims his prior counsel was ineffective for failing to object during jury instructions. Appellant asserts the second supplemental jury instructions were improper because they did not directly answer the jury's question notifying them of a possible hung jury outcome, and they mentioned economic considerations.

It is well established precedent that Pennsylvania Courts are under no obligation to instruct the jury that their ultimate decision may result in a hung jury. In <u>Commonwealth v. Ford</u>, 165 A.2d 113 (Pa.Super. 1960), the Superior Court held "[a] trial judge need not charge jurors specifically that they may disagree." <u>Ford</u>, 165 A.2d at 117. "[The] trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration". <u>Commonwealth v. Sepulveda</u>, 55 A.3d 1108, 1141 (Pa. 2012) (<u>quoting</u> <u>Commonwealth v. Washington</u>, 927 A.2d 586, 603 (Pa. 2007). Merely citing to a portion of the jury instructions is insufficient – the points for charge must be evaluated on the whole in order to determine whether the charge sufficiently and accurately informs the jury of the relevant law. <u>Commonwealth v. Mason</u>, 518 A.2d 282, 291 (Pa.Super. 1986), *alloc. den.* in 516 Pa. 640.

> ...[I]t is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.
>
> <u>Commonwealth v. Semenza</u>, 127 A.3d 1, 14 (2015) (<u>quoting</u> <u>Commonwealth v. Antidormi</u>, 84 A. 3d 736, 754 (2014); <u>see also</u> <u>Commonwealth v. Sweger</u>, 505 A.2d 331, 334 (Pa.Super. 1986).

In the instant case, Appellant contends that not answering an individual juror's question directly, results in an error of law. This contention flies in the face of half a century of precedent established in <u>Ford</u> and revisited as recently as five months ago in <u>Commonwealth v. Corbin</u>, No.

6

537 EDA 2015, 2016 WL 1603471, at *23 (Pa.Super. Ct. Apr. 19, 2016).[8] As such, this Court carries no obligation to instruct the jury that irreconcilable conclusions on each charge may be acceptable. No objectionable jury instructions were provided, therefore, no fault lies with Appellant's prior counsel failing to object.

The Appellant asserts the Court coerced the jury into rendering a verdict based on one statement detailing "the importance of a verdict", thereby explaining why deliberations in the instant case ought to extend beyond the two hours and nineteen minutes that had elapsed up until that moment.[9] Explaining the importance of a verdict for the jury's edification is not tantamount to an Allen instruction. See Allen v. United States, 164 U.S. 492 (1896). Contrary to the jury charge in Allen, this Court did not pressure the jury to return with a verdict, but rather, explained why making a genuine effort towards a unanimous verdict without surrendering one's fair and impartial judgement, is important in their duty as jurors.

As a matter of law, Appellant was not prejudiced by this Court providing a modified Spencer instruction. Commonwealth v. Spencer, 275 A.2d 299, 304–05 (Pa. 1971) (baring any further use of Allen instructions in the Commonwealth of Pennsylvania and recommending the use of the American Bar Association (herein after "ABA") standard guidelines).[10] Reminding the jury of its duty by using the language provided by the ABA and recommended by the Pennsylvania Supreme Court in Spencer does not become prejudicial whereupon a judge frames

---

[8] Commonwealth v. Patrick, 206 A.2d 295, 298-99 (1965) (citing Ford, 165 A.2d at 117 (Pa.Super. 1960) (holding "a judge need not charge jurors specifically that they may disagree"); Commonwealth v. Corbin, No. 537 EDA 2015, 2016 WL 1603471, at *23 (Pa. Super. Ct. Apr. 19, 2016) (noting The Superior Court of Pennsylvania found the following justification as satisfactory on jury instructions: "language regarding the consequences of a jury's failure to reach a unanimous verdict was purposely omitted because it could invite the possibility of a hung jury.").
[9] N.T., Trial, 4/26/11, p. 146 ("...I want to make sure that you understand the importance of a verdict, not just to the Commonwealth, but to the defendant in this case, and in light of the time and expenses involved should a retrial be required. And you need to understand that lots has been put into this case and it is important to both sides, equally important to both sides.").
[10] The Pennsylvania Supreme Court banned Allen instructions for the purpose of ensuring a "...jury's verdict was [not] effectively coerced by the trial judge's charge." Spencer, 275 A.2d at 303.

7

the importance of the jury's duty. Furthermore, informing the laypersons of the jury that a significant amount of resources are put into each trial is not coercive, it is informative. Evidence suggests the instructions were not coercive as demonstrated by the jury returning to deliberate for another three hours after this Court issued supplemental instructions.[11]

In addition to the legal basis for this Court's actions, the record clearly reflects adequate and accurate instructions on the law. N.T., Trial, 4/26/11, 115-148. The jury was repeatedly instructed to establish their own independent opinion based on the evidence and testimony at trial.[12] This Court did not suggest to the jury that they ought to consider any factors other than the evidence and instructed law, therefore, counsel was under no obligation to object to the Court's statement.

In examination of legal precedents and the record, Appellant's first claim is meritless, and counsel cannot be ineffective when the underlying claim lacks merit.

## II.     Alleged Error in Refusing an Individual Juror's Orally Presented Question

Appellant also claims this Court erred in refusing an individual juror's question, not presented through the Foreperson. Through this alleged error, Appellant argues counsel should have objected and the subsequent result would have changed the outcome of the trial.

---

[11] The jury entered the court to ask a question at 3:14 p.m. At 4:40 p.m. the jury was excused for the day. They did not reach a verdict until the following day around 10:45 a.m. after arriving around 9 a.m., totaling roughly three hours after the supplemental jury instructions. N.T., Trial, 4/27/11, 1-4.

[12] E.g. N.T., Trial, 4/26/11, p. 135 ("As jurors, you have a duty to consult with each other and to deliberate with a view toward reaching a unanimous agreement if it can be done without violence to you individual judgment. That is to say each juror must decide the case for himself or herself only after impartial consideration of the evidence with his or her fellow jurors."); see also N.T. Trial, 4/26/11, p.136 ("in deliberating on your verdict, you must not be influenced by anything outside of the evidence presented in this case and the law as given to you."); see also N.T., Trial, 4/26/11, 145-46 ("If you think that further instructions would clarify something, please let me know." "You have a duty to consult with one another and to deliberate with a view toward reaching an agreement if it can be done without violence to your individual judgement. Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with fellow jurors.").

8

This Court refused to entertain an individual juror's question because it was not presented in a procedurally satisfactory manner. The record reflects that this Court did not dissuade the jury from submitting a question, but merely reiterated to the individual juror that they may only submit a question through the Foreperson.

Appellant experienced no prejudice as a result of refusing the question as presented. Thrice this Court informed the jury that this Court would answer questions if submitted through the Foreperson.[13] Procedurally, requiring jurors to submit their questions through the foreperson ensures clear and concise inquiries from the jury, preserves the record and avoids confusion. Otherwise, chaos ensues if twelve jurors may freely ask individual questions throughout deliberation.

The jury was aware of how to properly submit an inquiry as the jury already properly submitted two questions to the Court. Appellant argues he was prejudiced because a juror's individual follow-up question was denied, however, the jury knew from instruction and experience that the Court would respond to their follow-up question if presented through the Foreman.[14]

Appellant's second claim lacks merit, thus Appellant's trial counsel cannot be ineffective.

### III.   Trial Counsel Did Not Object During Supplemental Jury Instructions for Tactical Purposes.

The Commonwealth agreed to nolle prosse all charges against Appellant other than the Robbery charge.[15] Appellant had two felony convictions on his record prior to trial in the instant case.[16] By request of Appellant's trial counsel, the Court gave jury instructions on a lesser

---

[13] N.T., Trial, 4/26/11, p. 116; Id. at 145-46; Id. at 148.
[14] Id. at 140-143; Id. at 144-147.
[15] N.T., Sentencing, 6/16/11, 7-8.
[16] The Appellant was convicted in 1980 for Rape, in the first degree (criminal information 2796 of 1980); and pleaded guilty in 2000, to Robbery, in the first degree (criminal information 302 of 2001).

9

included offense of Robbery.[17] The Court can surmise Appellant's trial counsel strategically made this request to lessen the likelihood of a three strike penalty.[18] Appellant's trial counsel hoped the jury would compromise during deliberations and choose the lesser offense thereby avoiding the three strike rule upon sentencing.[19] Based on the record at sentencing, the incorporation of a lesser included offense demonstrates counsel's effectiveness and explains why counsel did not challenge the supplemental jury instructions.

Appellant's trial counsel provided effective assistance of counsel.

## CONCLUSION

For the foregoing reasons, this Court perceives that the issues of which Appellant has complained in this Appeal are without merit, and that this Court's January 22, 2016 Order denying Post Conviction Relief was supported by both the law and the record in this case. We respectfully request the Superior Court to affirm this Court's decision.

BY THE COURT:

September 15, 2016
Date

WALLACE H. BATEMAN, JR. J.

---

[17] N.T., Sentencing, 6/16/11, 7-8.
[18] 42 Pa.C.S. §9714.
[19] See Koehler, 36 A.3d at 132 (concluding the tactics chosen by counsel are effective unless an alternative option presented a chance for success "substantially greater than the course actually pursued.").

10

*Copies to:*

Marc Furber, Esquire
District Attorney's Office
Bucks County Justice Center
100 N. Main Street
Doylestown, PA 18901
*Attorney for Appellee*


Elissa B. Heinrichs
Cevallos & Wong LLP
94 Richboro Road
Newtown, PA 18940
*Attorney for Appellant*